# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1129 PA (MRWx) | Date | February 14, 2018 |
|---|---|---|---|
| Title | Mehdi Johari, et al. v. U.S. Bank Trust, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust, and Caliber Home Loans, Inc. ("Removing Defendants") on February 9, 2018. Removing Defendants assert that this Court has jurisdiction over the action brought against them by plaintiffs Mehdi Johari and Sherry Johari ("Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Removing Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). For the purposes of diversity jurisdiction, a national bank is "a citizen of the State in which its main office, as set forth in its articles of

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1129 PA (MRWx) | Date | February 14, 2018 |
|---|---|---|---|
| Title | Mehdi Johari, et al. v. U.S. Bank Trust, N.A., et al. | | |

association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006) (construing 28 U.S.C. § 1348).

The Notice of Removal alleges that "Plaintiffs are individuals domiciled in California (See Ex. A hereto, FAC at ¶¶ 5 and 28), and are therefore citizens of California." (Notice of Removal ¶ 5(a)(1).) As the Notice of Removal alleges, Removing Defendants' support for their allegations concerning Plaintiffs' citizenship, rely solely on paragraphs 5 and 28 of the First Amended Complaint that Plaintiffs filed in the Los Angeles Superior Court. Those paragraphs of Plaintiffs' First Amended Complaint do not allege Plaintiffs' state of domicile or citizenship. Because an individual is not necessarily domiciled where he or she resides, Removing Defendants' allegations of the citizenship of Plaintiffs, based on a First Amended Complaint that does not allege either the citizenship or domicile of Plaintiffs, are insufficient to establish Plaintiffs' citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Removing Defendants' allegations related to Plaintiffs' citizenship are insufficient to invoke this Court's diversity jurisdiction.

For the foregoing reasons, Removing Defendants have failed to satisfy their burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Pomona Courthouse, Case No. KC069579, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.